**UNITED STATES of America**

v.

**Jay L. GIBSON.**

**Crim. No. 87–311 SSH.**

United States District Court, District of Columbia.

Dec. 23, 1987.

Asst. U.S. Atty. Theodore Shmanda, Washington, D.C., for plaintiff.

Jeffrey Jacobovitz, Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Allen N. Brunwasser is not a member of the bar of this court (or of the bar of the District of Columbia). Rule 104(d) of the local rules of this court provides that an attorney in such a situation "may be heard in open court only by permission of the judge to whom the case is assigned." This Court had granted Mr. Brunwasser's request to appear *pro hac vice*, and had waived other requirements of Local Rule 104 which direct that local counsel participate in matters being handled by non-members of our bar.

For reasons set forth in this Court's Memorandum Opinion of November 24, 1987, 737 F.Supp. 92, it was concluded that

it was necessary to withdraw permission for Mr. Brunwasser to appear on behalf of the defendant *pro hac vice*. As was stated in part in the Order which accompanied that Memorandum Opinion: "The Court's Courtroom Deputy shall contact [local counsel] Mr. Jacobovitz promptly with the objective of moving towards a speedy resolution of this case."

That goal was not to be achieved. Mr. Jacobovitz was contacted promptly, and it appears that he telephoned defendant at 8:00 o'clock on the morning of November 25. It appears that defendant recorded that conversation, and a purported transcript of it was filed with the Court as an attachment to the motion which is the subject of this Memorandum Order.[1]

██ On November 30, 1987, Messrs. Gibson and Brunwasser filed herein a Motion for Reconsideration, Reargument, To Amend the November 24, 1987 Order or Judgment of United States District Judge Stanley S. Harris and for F.R.C.P. 60(b) Relief and for Clarification.[2] Of course, Messrs. Gibson and Brunwasser had every right to request reconsideration. However, exercising that right has led to more delay. The Government opposed the motion for reconsideration on December 3. A reply by Messrs. Gibson and Brunwasser would have been due by December 15; none was filed.

The Court sees no need to deal with the many murky matters raised by Mr. Brunwasser in the motion for reconsideration.[3] The entire record makes it overwhelmingly clear that the motion for reconsideration must be denied; Mr. Brunwasser will not be heard again in open court in this case.[4]

██ Remaining for consideration are Mr. Jacobovitz' two pleadings requesting leave to withdraw as local counsel. The Court recognizes that Mr. Brunwasser's extraordinary handling of this case, including but not limited to his blatant disregard of the important requirements of Local Rule 104 (and of the Court's specific direction that the rule be complied with), have placed Mr. Jacobovitz in an unenviable and uncomfortable position. However, with the compulsory removal of Mr. Brunwasser from the case, the Court is reluctant to permit Mr. Jacobovitz to withdraw unless and until Mr. Gibson selects an alternative counsel. Accordingly, Mr. Jacobovitz' motions are denied without prejudice.

More than six months now have passed since the indictment, and the Court still has been unable to conclude a hearing on the pending motion to suppress. The entire District Court will be in recess form 5:00 p.m. on December 23, 1987, to 9:00 a.m. on January 4, 1988.[5] Defendant is urged either to make peace with Mr. Jacobovitz, who could represent him quite competently and whom he himself selected on September 18, 1987, or to chose an alternative

---

1. The divulging and publishing of the contents of the telephone call from Mr. Jacobovitz may have been a criminal act. *See* 47 U.S.C.A. § 605 (1987).

2. A separate petition for reconsideration of the November 16 dismissal of the purported habeas corpus petition (Civil Action No. 87–1821) was filed on November 27. That petition is being denied by a *separate order issued this date.*

3. On the assumption that this issue will be litigated on appeal, the Court does comment briefly on two matters of its own personal knowledge. In ¶ (4) on p. 6, Mr. Brunwasser states: "Subsequent delay was caused by the vacation plans of ... Judge ... Harris." Actually, the Court was on vacation from September 21 to 25, 1987. In ¶ (5) on pp. 6–7, Mr. Brunwasser refers to "an event in the District of Columbia Territorial Court." Where Mr. Brunwasser got such an idea is not known. The suppression hearing had been set for 1:30 p.m. However,

the undersigned had scheduled a luncheon that day with his two law clerks and his temporary secretary. Rather than risk having the parties wait, the hearing was moved to 2:00 p.m. The Court was ready to take the bench at 1:45, but was not notified that the parties were ready to proceed until about 2:10 p.m.

4. Mr. Brunwasser intimates that his appearance was stricken pursuant to the newly-amended Local Rule 104(j) for his refusal to appear at the September 18 status call. Such an intimation has no basis in fact.

5. The Clerk's Office will be open during that period, and a judge always is available. Also, the Court is confident that the Assistant United States Attorney readily may be contacted for the informal discovery of which Mr. Brunwasser has elected not to avail himself.

counsel promptly. Of course, defendant has the right to represent himself, but the Court strongly urges him to utilize counsel.

In summary, then, it hereby is

ORDERED, that the Motion for Reconsideration, Reargument, To Amend the November 24, 1987 Order or Judgment of United States District Judge Stanley S. Harris and for F.R.C.P. 60(b) Relief and for Clarification is denied. It hereby further is

ORDERED, that Mr. Jacobovitz' Renewal of Motion To Withdraw and his Supplemental Motion To Withdraw and Request for Expedited Ruling are denied without prejudice. It hereby further is

ORDERED, that the Informational Response of Defendant and Request for an Evidentiary Hearing is denied. It hereby further is

ORDERED, that the hearing on the motion to suppress shall resume at 1:30 p.m. on January 5, 1988, in Courtroom 14.

SO ORDERED.